James S. Brows, J.
This is a motion by defendant under subdivision 5 of rule 107 of the Rules of Civil Practice, to dismiss plaintiff’s complaint on the ground that the cause of action did not accrue within the time limited by law for the commencement of an action.
The facts are not in dispute. The action, being in negligence, is governed by the three-year Statute of Limitations. The occurrence upon which the cause is based took place on February 12, 1952, allegedly resulting from the use of a defective heating pad manufactured by the defendant. The instant action was com *1013 menced on March 14, 1960, eight years after the occurrence. Defendant has appeared generally.
A prior action for the same cause, between the same parties, after having been instituted in this court in January, 1955, was dismissed for lack of prosecution by order of the Appellate Division of this Department on May 4,1959.
Defendant is a foreign corporation having its principal place of business in Connecticut. It does not have a place of business in the State of New York nor is it licensed to do business here.
In the prior action which had been commenced by the service of a warrant of attachment against the property of the defendant in this State, the defendant appeared generally and submitted to the jurisdiction of the court. By its defense the defendant litigated the merits of the claim over a period of more than four years.
Defendant contends on this motion that since this court had jurisdiction over the instant cause in the prior action and had complete jurisdiction over the defendant to render a judgment in personam upon the claim during a period of over four years, the three-vear Statute of Limitations existing in a negligence action has run against the plaintiff and that the plaintiff is therefore barred from reinstating the same action.
The plaintiff, in opposing the motion, argues that the defendant, being a foreign corporation ‘ ‘ cannot avail itself of the defense, of the Statute of Limitations ” and that the “ defendant’s disability to plead the Statute of Limitations as a defense could only be cured by designation of an agent or officer to accept service ”, as provided in subdivisions 1 and 2 of section 19 of the Civil Practice Act.
In support of his position plaintiff relies upon the basic case of Olcott v. Tioga R. R. Co. (20 N. Y. 210) and section 19 of the Civil Practice Act. The Olcott case held that a foreign corporation could not claim the benefit of the New York Statute of Limitations since the plaintiff creditor had never at any time had the opportunity to bring suit in this State against the defendant debtor. It will be seen, therefore, that the holding in the Olcott case applied specifically to a foreign corporate debtor which was never present in the State of New York and was never subject to the jurisdiction of this court. However, a reading of the decision discloses, furthermore, that the court never intended to, nor did it, hold that under no circumstances could a foreign corporation be found present under the jurisdiction of the court and available under such jurisdiction for the judicial determination of a cause' of action brought against it. The critical sentences in the decision read (p. 222): “ The *1014 provision is that if at the time the cause of action shall accrue against any person, he shall be out of the State, such action may be commenced within the term before limited after the return of such person into this State. But suppose the person being an artificial, corporate body, legally confined to the territory of -mother State, cannot by possibility return here, then by a verbal construction of the sentence the action may be commenced at any time; for the period of limitation will never commence to run.”
It will be noted that the last-quoted sentence, as well as the decision, does not encompass a situation where a foreign corporation has appeared generally in a particular action in suit and submitted itself to the jurisdiction of the court.
By its general appearance, the defendant waived “ any issue of jurisdiction (2 Carmody ón New York Practice, § 749 and cases therein cited) ”. (Chapman v. Chapman, 5 A D 2d 257, 264.)
It is the court’s opinion that the defendant was jurisdiction-ally here present within the State of New York, insofar as the instant action is concerned, for a period greater than the time of limitation prescribed by statute and that under such circumstances the Statute of Limitations was not tolled by virtue of the simple fact that the defendant happened to be a foreign corporation.
The court finds that the defense of Statute of Limitations has been properly pleaded. Defendant’s motion to dismiss the complaint is granted.